IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| FRANCIS GRANDINETTI, #A0185087, | CIV. NO. 13-00534 LEK/BMK |
| Petitioner, | DISMISSAL ORDER PURSUANT TO 28 U.S.C. § 1915(g) |
| vs. | |
| UNITED STATES OF AMERICA, et al., | |
| Respondents. | |

### **DISMISSAL ORDER PURSUANT TO 28 U.S.C. § 1915(g)**

Before the court is another of Francis Grandinetti's generic pleadings labeled "Federal Complaint, Habeas Corpus Claims." ECF No. 1. Grandinetti refers to "28 U.S.C. § 1915(g) and 18 U.S.C. § 3006A IFP laws," and "28 U.S.C. § 1407 M.D.L," alleging that this is a multi-district action relating to "'prison overcrowding/corruption' law, from the 1980's to 2000." Compl., ECF No. 1. Grandinetti again complains that he has been unlawfully transferred to and between several Mainland prisons. *See*, *e.g.*, Civ. Nos. 13-00514 SOM; 13-00164 SOM; 13-00103 JMS; 13-00039 LEK; 13-00010 SOM; 13-00005 SOM; 12-00666 JMS.

Although Grandinetti's pleading is labeled "Federal Habeas Corpus Petition," it appears he labels the pleading as such to avoid the penalties imposed on his filings by 28 U.S.C. § 1915(g).[1]  *See Andrews v. King*, 398 F.3d 1113, 1122-23, n.12

---

[1] Grandinetti has accrued three strikes under 28 U.S.C.
(continued...)

(9th Cir. 2005)(recognizing that some habeas petitions are civil rights actions mislabeled as habeas petitions to avoid § 1915(g)'s penalties). Grandinetti neither pays the civil filing fee (for either a habeas action or a civil rights action), nor submits an in forma pauperis application.

Due to the nature of Grandinetti's claims and the court's past history with his filings, the Clerk of Court is DIRECTED to identify this action on the docket as a prisoner civil rights action. For the following reasons, Grandinetti's pleading and this action are DISMISSED without prejudice.

## I. DISCUSSION

A prisoner may not bring a civil action or appeal a civil judgment in forma pauperis if:

> the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

"[Section] 1915(g) should be used to deny a prisoner's IFP status only when, after careful evaluation of the order

---

[1](...continued)
§ 1915(g), and has been notified of these strikes numerous times. *See, e.g.*, *Grandinetti v. FDC Seg. Unit Staff*, 420 Fed. Appx. 576 (9th Cir. 2011); *Grandinetti v. Shimoda*, Civ. No. 05-00442 JMS; *Grandinetti v. Stampfle*, Civ. No. 05-00692 HG.

dismissing an action, and other relevant information, the district court determines that the action was dismissed because it was frivolous, malicious or failed to state a claim." *Andrews*, 398 F.3d at 1121. "In some instances, the district court docket records may be sufficient to show that a prior dismissal satisfies at least one of the criteria under § 1915(g) and therefore counts as a strike." *Id.* at 1120.

Because Grandinetti has accrued three strikes pursuant to 28 U.S.C. § 1915(g), he may not proceed without prepayment of the civil filing fee unless he plausibly alleges that he is in imminent danger of serious physical injury. Grandinetti says that the state "venue-shopped" when they decided transferred him to various Mainland prisons. He alleges that he is allergic to cigarette smoke, but concedes that cigarettes have been banned in all Department of Public Safety facilities and at SCC since at least 2008. He worries, however, that this ban will be rescinded. These statements do not plausibly allege that Grandinetti is in imminent danger of serious physical injury due to his transfers or confinement at SCC. Nothing else within the complaint suggests that he was in imminent danger of serious physical injury when he filed this action.

Moreover, Grandinetti's claims regarding his numerous prison transfers fail to state a claim under § 1983. A prisoner has no constitutional right to incarceration in a particular

institution. *See Olim v. Wakinekona*, 461 U.S. 238, 244–48 (1983); *Meachum v. Fano*, 427 U.S. 215, 224 (1976).

Grandinetti's pleading and this action are DISMISSED without prejudice. He may refile his civil rights claims in a new action with concurrent payment of the filing fee.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, October 17, 2013.



/S/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States District Judge

*Grandinetti v. United States*, 1:13-cv-00534 LEK/BMK; G:\docs\prose attys\3 Stks\DMP\2013\Grandinetti 13-534 lek (dsm no imm dng ftsc (labeled hab)).wpd